UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| JOHN ALLEN BIRKY, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:19-cv-15-PLC |
|  | ) |  |
| DEAN MINOR, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff John Allen Birky, Jr., a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.80. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $9.00, and an average monthly balance of $4.71. The Court will therefore assess an initial partial filing fee of $1.80, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the Moberly Correctional Center ("MCC"). He brings this action pursuant to 42 U.S.C. § 1983 against Dean Minor, the MCC warden. Plaintiff placed a clear check mark indicating his intent to sue the defendant in his official capacity. It appears he may have also placed a mark indicating his intent to sue the defendant in his individual capacity as well, although this mark is not as clear. However, liberally construing the complaint, the Court will presume that plaintiff intends to sue the defendant in both his individual and official capacity. Plaintiff alleges as follows.

On the morning of February 1, 2018, plaintiff began to feel sick. He returned to his cell, which was located on the top walk, and began to open his door. He then fainted, hit his head on the railing, fell to the floor, and slid under the bottom rail. As plaintiff was dangling halfway off the walkway, his cellmate grabbed his legs, and then summoned other inmates who helped pull plaintiff back onto the walkway. Plaintiff was then taken to the medical department for evaluation of a lump on his head. Plaintiff makes no attempt to allege he received inadequate medical care.

Attached to the complaint are copies of grievances plaintiff filed about the incident, seeking a total of $4 million in damages. In those grievances, plaintiff wrote that he suffers from a heart condition, he identified himself as disabled, and he referred to the Americans With Disabilities Act ("ADA"). Also attached are the responses to plaintiff's grievances, in which it is noted that the hand rails were in good repair, and met or exceeded OSHA and industry standards regarding hand rail design. It is further noted that plaintiff was reassigned to a cell on the bottom walk to eliminate the potential for him to fall from the top walk.

For his prayer for relief, plaintiff states he suffers anxiety and stress because the staff does not care about inmate safety. He also states he had a sore neck for six weeks after the fall,

3

and that he suffers from headaches he believes resulted from fainting and hitting his head. He asks this Court to order the Missouri Department of Corrections and MCC to place another rail so that the opening between the rail and floor is no greater than six inches. He also seeks "one million in actual damages for placing [his] life in danger, and anxiety issues caused by the fall." (Docket No. 1 at 5).

**Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In the case at bar, plaintiff's claim fits squarely within the boundaries of general negligence. It is therefore not actionable under 42 U.S.C. § 1983. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (en banc) (mere negligence is insufficient to establish liability under § 1983).

To the extent plaintiff can be understood to assert an ADA claim, such claim fails. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Bahl v. County of Ramsey*, 695 F.3d 778, 783 (8th Cir. 2012) (citing 42 U.S.C. § 12132). In order to state a claim under Title II of the ADA, plaintiff must allege that (1) he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or was otherwise subjected to discrimination by a public entity; and (3) that such exclusion, denial of benefits, or other discrimination was by

reason of his disability. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (citing *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998)).

For the sake of argument, the Court will presume that plaintiff is a qualified individual with a disability. However, he does not allege he was excluded from participation in or denied the benefits of the services, programs or activities of a public entity, nor does he allege he suffered exclusion, denial of benefits, or other discrimination by reason of his disability. His allegations therefore fail to state a claim under Title II of the ADA.

After carefully reading the complaint and giving it the benefit of a liberal construction, the Court concludes that plaintiff's allegations do not state a claim that is cognizable under § 1983. Plaintiff obviously prepared the complaint in a very careful and thoughtful manner. He is clear about the allegations he wishes to assert, and he pleads them in a logical manner. It is therefore apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. Therefore, this case will be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). However, the Court notes that nothing in this Memorandum and Order should be construed as precluding plaintiff from bringing a state law tort claim in state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 5) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of April, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE